## ORDER

SCHOOL DISTRICT OF SHOREWOOD, a school district, Plaintiff-Appellant,

v.

WAUSAU INSURANCE COMPANIES, an insurance corporation and Continental Casualty Company, a foreign corporation, Defendants-Respondents. [Case No. 90–1440.]

SCHOOL DISTRICT OF GREENFIELD, a school district, Plaintiff-Appellant,

v.

WAUSAU INSURANCE COMPANIES, an insurance corporation and U.S. Fire Insurance Company, a foreign corporation, Defendants-Respondents. [Case No. 90-1707.]

Supreme Court

*Nos. 90–1440, 90–1707. Filed April 15, 1993.*

(Also reported in — N.W.2d —.)

## ON MOTION FOR RECONSIDERATION
MOTION FOR RECONSIDERATION DENIED WITH COSTS.

Chief Justice HEFFERNAN and WILLIAM A. BABLITCH dissent—opinion filed.

Justice ABRAHAMSON dissents—opinion filed.

Justices CECI, DAY and STEINMETZ concur—opinion filed.

Justice WILCOX, took no part.

CHIEF JUSTICE HEFFERNAN *(on motion for reconsideration) (dissenting).* Although I did not dissent on the occasion of the granting of reconsideration by the issuance of an opinion and mandate on August 27, 1992, I should have done so.

While there appeared to be extenuating circumstances which impelled the court to issue as the majority opinion on August 27, 1992, the opinion which was the dissent to the opinion of the court dated May 20, 1992, I conclude that the new opinion should not have been issued without first following the salutary guidelines set forth in this court's *Internal Operating Procedures.*

The *Internal Operating Procedures* are not rules and may be altered or suspended without notice by a majority of the court at any time. They were *sub silentio* suspended in the instant case.

While there was no impropriety in the instant case, the court's failure to adhere to its operating procedures in respect to reconsideration constitutes the abrogation of a procedure that is designed to protect the *court* from nonsubstantive or frivolous motions for reconsideration. The failure to follow these procedures inflicts harm upon the court and is likely to encourage reconsiderations that have no merit.

We have, for as long as I have been a member of the court, purported to adhere to the guidelines that are now set forth in the *Internal Operating Procedures*:

727

> A change of decision on reconsideration will ensue only when the court has overlooked controlling legal precedent or important policy considerations or has overlooked or misconstrued a controlling or significant fact appearing in the record.

These are procedures to which the court has not always adhered. The Reports contain instances which demonstrate that the court has changed its mind and issued a new decision without any mention of the principles that are now embodied in our *Internal Operating Procedures.*

They now, however, are published formally for the guidance of the bar. The bar has the right to expect that these published procedures will be followed unless circumstances arise that impel a change and the court additionally states why it has decided not to follow its own procedures.

In the instant case, no reason was given by the court for its action. It is difficult to argue that authorities or facts were overlooked or that policy considerations not apparent on the original submission became apparent upon reconsideration when the reconsidered opinion was the verbatim dissent to the original opinion. Thus, no new material is contained in the opinion of August 27, 1992.

There remains, however, a reason that could have been set forth as justifying a reconsideration—that there was a misconstruction or misunderstanding of an important fact or the overlooking of a significant fact. It is at least arguable, and this I believe is an appropriate reason for reconsideration under some circumstances—that important facts were not dealt with sufficiently in the framework of the original opinion either by reason of inappropriate application of the law or in appropriate emphasis of the controlling facts. In addition, if a situa-

tion should arise when the court suspects *sua sponte* it had erred because it had improperly applied the law, I see no reason why there could not be a reconsideration while the case remained within the jurisdiction of the court. In that event, however, it would be appropriate to do so only if the parties were given the opportunity to rebrief the questioned issue.

In the present case, it is apparent that a majority of the court felt that it had erred in the May 20, 1992, decision. That "error," however, should have been confirmed or dispelled by additional briefing and, if necessary, oral argument.

While successive motions for reconsideration are frowned upon by this court, the motion now pending gives this court an opportunity to re-examine any arguable errors in both opinions.

I take no position on the merits of the controversy, but, in view of vacillating views of some of the members of the court, myself included, I believe it appropriate to grant the pending motion for reconsideration, ask for briefs from all parties, and, if necessary, schedule oral argument. Because the decisions of May 20, 1992, and August 27, 1992, each contain identical opinions, albeit reversed as to majority or dissent, a reconsideration now will enable the court to return to the position it was in prior to August 27, 1992. While the course of this procedure obviously has been vexing to the parties, and cannot completely be rectified now, a grant of reconsideration and rebriefing, to the extent desired by the parties, appears to be the fairest and most reasonable disposition at this time. In addition, it would affirm the will of this court to adhere to the guidelines for reconsideration except in the case of unusual circumstances when such deviation is compelling and fully explained and justified. Also, it would support the long-established position of

729

the court that it not be harassed by motions for reconsideration that are without merit.

Accordingly, I dissent from the order that would deny reconsideration of the opinion of August 27, 1992.

I am authorized to state that Justice BABLITCH joins in this dissent.

SHIRLEY S. ABRAHAMSON, J. *(on motion for reconsideration) (dissenting).* On August 27, 1992, upon the insurance companies' motion for reconsideration, this court reversed its published decision of May 20, 1992, without explanation and without giving the parties notice or opportunity for further written or oral argument on the merits of the case. *School District v. Wausau Ins. Co.,* 170 Wis. 2d 347, 488 N.W.2d 82 (1992). I dissented from the granting of reconsideration on August 27, 1992, on procedural and substantive grounds. 170 Wis. 2d at 379 (Abrahamson, J. dissenting).

I would grant the school district's motion for reconsideration of the August 27, 1992, decision. The court should take this opportunity to correct a breach that creates the impression of arbitrary action.

The school districts argue that the court's granting of the insurance companies' motion for reconsideration and reversal of its decision violated the court's internal operating procedures. I agree.

The Internal Operating Procedures of this court provide that " *[a] change of decision on reconsideration will ensue only when the court has overlooked controlling legal precedent or important policy considerations or has overlooked or misconstrued a controlling or significant fact appearing in the record.*"[1] The court's

---

[1] Wisconsin Supreme Court Rules and Internal Operating Procedures, Procedure II J, at p. 341 (Lawyers Cooperative Publishing 1/1/92).

August 27, 1992, opinion changing the decision on reconsideration gives no explanation for the change of result; it makes no reference to the court's having overlooked or misconstrued legal precedent, policy considerations, or facts. Thus the opinion itself evidences a violation of the court's internal operating procedures.[2]

The Internal Operating Procedures, which were adopted on May 24, 1984, are intended to describe the manner in which the court currently operates in order to advise "counsel practicing in the Supreme Court and for information to the public. . . ." Introduction to the Internal Operating Procedures.[3] The procedure for reconsideration guides lawyers in preparing motions for reconsideration and their responses to such motions. More importantly, the procedure for reconsideration demonstrates the court's intention to avoid arbitrary action and to give litigants a fair process and finality. The court's violation of its own procedures does a disservice to the lawyers and litigants who relied on them in this case and opens the door to speculation that the court has acted in an arbitrary manner. Speculation of this type can undermine the public's confidence in the courts. I

---

[2] An internal operating procedure may be suspended or modified by majority vote of a quorum of the court. Introduction to the Internal Operating Procedures, Wisconsin Supreme Court Rules and Internal Operating Procedures, at p. 323 (Lawyers Cooperative Publishing 1/1/92). Nothing in the opinion indicates that the internal operating procedure was suspended or modified.

Justices Ceci, Day and Steinmetz in their concurring opinion assert that there was no violation of the court's internal operating procedures. I conclude that the court's violation of the internal operating procedures stems not only from a flaw in procedure but also from its change of decision when the substantive bases for a change as set forth in Procedure II J do not exist.

[3] Wisconsin Supreme Court Rules and Internal Operating Procedures at p. 323 (Lawyers Cooperative Publishing 1/1/92).

believe the Sheboygan Press expressed the sentiments of the people of Wisconsin when it stated, "[c]all us old-fashioned, but we like having our court system in compliance with the law."[4]

The school districts further assert that this court's reversal of a published decision without explanation and without an opportunity for the losing party to be heard on the merits "damages confidence in our judicial system." They contend that "the reversal violates the concept of the rule of law and the principles of notice and opportunity for a hearing."

I take seriously the school districts' arguments about institutional integrity. In *Planned Parenthood v. Casey*, — U.S. —, 120 L. Ed. 2d 674, 707 (1992), United States Supreme Court Justice Sandra Day O'Connor emphasized the importance of institutional legitimacy and the public's perception that the judiciary is principled and independent as follows:

> As Americans of each succeeding generation are rightly told, the Court cannot buy support for its decisions by spending money and, except to a minor degree, it cannot independently coerce obedience to its decrees. The Court's power lies, rather, in its legitimacy, a product of substance and perception that shows itself in the people's acceptance of the Judiciary as fit to determine what the Nation's law means and to declare what it demands. . . . Thus, the Court's legitimacy depends on making legally principled decisions under circumstances in which their principled character is sufficiently plausible to be accepted by the Nation.

Empirical studies have demonstrated that trust and confidence in the legal system are directly related to

---

[4] Editorial, 12/8/92.

litigants' perceptions of fairness and that litigants equate fairness with opportunities to present their stories to decision-makers who follow established neutral procedures.[5] Thus the court's procedure in this case risks the appearance of arbitrariness and tends to undermine trust in the legal system.

For the reasons set forth, I would grant the school districts' motion for reconsideration, order new briefs, and set the case for oral argument. A fresh look at the merits of this case is in order.

LOUIS J. CECI, J. *(on motion for reconsideration)* *(concurring).* I concur in the decision to deny a second reconsideration motion filed by the villages in the above-entitled matter. The original opinion was withdrawn, and the former dissent became the majority opinion and was issued as such. It is now the majority opinion of this court following the first motion for reconsideration.

As a member of the majority in the first opinion issued, I then properly moved for reconsideration at the time that the first reconsideration motion was made. Briefs were filed at the time of the first reconsideration motion and the second motion for reconsideration. The court was fully apprised of the positions of the parties both times.

---

[5] *See* Tom R. Tyler, *Why People Obey the Law* (1990); E. Allan Lind and Tom R. Tyler, *The Social Psychology of Procedural Justice* (1988); E. Allan Lind *et al.*, *In the Eye of the Beholder: Tort Litigants' Evaluations of their Experiences in the Civil Justice System*, 24 L. and Soc'y Rev. 953 (1990); James L. Gibson, *Understandings of Justice: Institutional Legitimacy, Procedural Justice and Political Tolerance*, 23 L. and Soc'y Rev. 469 (1989).

Contrary to the assertions by the dissents, this court did not violate its internal operating procedures in issuing the majority opinion that was filed August 27, 1992.

In the opening paragraph, that opinion says:

> The court having mandated an opinion in this case and motions for reconsideration having been filed, the court has considered the motions for reconsideration and grants the motions for reconsideration. After having reconsidered the case in its entirety, the court withdraws the original opinion and dissent, and issues the following opinion with a revised mandate.

*Shorewood School Dist. v. Wausau Ins.*, 170 Wis. 2d 347, 355, 488 N.W.2d 82 (1992).

This was not a motion for "rehearing" (as provided for in our previous rules) but a motion for reconsideration. The original majority opinion was withdrawn. It finally had only one supporter, and six of the justices voted for the majority opinion that was issued on August 27, 1992.

I am authorized to state that Justices ROLAND B. DAY and DONALD W. STEINMETZ join in this concurrence.