Todd JANDRT, a minor, by his Guardian ad Litem, Larry B. Brueggeman, Kristine K. Kinsley Stoeklen, as Special Administrator of the Estate of Mitchell J. Kinsley, deceased, Tierney Liazuk, a minor, by her Guardian ad Litem, Larry B. Brueggeman, Plaintiffs,

v.

JEROME FOODS, INC., Defendant-Respondent,

Monica JANDRT, Jodi Liazuk and Kristen K. Kinsley Stoeklen, Third-Party Defendants,

PREVIANT, GOLDBERG, UELMEN, GRATZ, MILLER & BRUEGGEMAN, S.C., Judgment Debtor-Appellant.

Supreme Court

*No. 98–0885. Filed October 28, 1999.*

(Also reported in 601 N.W.2d 650.)

¶ 1.    PER CURIAM.    *(on motion for reconsideration).* The motion for reconsideration is denied, with $50.00 costs.

¶ 2.    DIANE S. SYKES, J., did not participate.

¶ 3.    SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE *(on motion for reconsideration) (dissenting).*

We believe that this is a case of significant importance to all attorneys practicing in the state,

regardless of their affiliation with either the plaintiff's or defense bar. It is our position that this is a matter that needs to be addressed in an even handed way since it affects both sides dramatically.

¶ 4. I agree with the Civil Trial Counsel of Wisconsin, which recently wrote the above quoted words to this court seeking the opportunity to participate in the pending motion for reconsideration.

¶ 5. I would put this case on for additional briefing and give not only the Civil Trial Counsel of Wisconsin an opportunity to participate but also encourage amicus curiae briefs from attorneys, members of the public and public interest groups to address the practical implications of the court's decision.

¶ 6. The court's opinion will have a significant effect on the practice of law in this state for both plaintiffs' and defendants' counsel and on the people of the state of Wisconsin seeking redress of wrongs or defending themselves in court. Because the reasons to reconsider this case are compelling, I dissent to denying reconsideration.

¶ 7. This case is an appropriate one for reconsideration. The court's internal operating procedures describe the acceptable grounds for granting a motion for reconsideration.[1] I agree with the grounds for reconsideration set forth therein, and I believe the

---

[1] Supreme Court Internal Operating Procedure, II, J., Wis. Stat. 1997–98, provides as follows:

> Reconsideration, in the sense of a rehearing of the case, is seldom granted. A change of decision on reconsideration will ensue only when the court has overlooked controlling legal precedent or important policy considerations or has overlooked or misconstrued a controlling or significant fact appearing in the record. A motion for reconsideration may result in the court's issuing a corrective or explanatory memorandum to its opinion without changing the original mandate.

internal operating procedures should be followed. Deviating from the internal operating procedures "is likely to encourage reconsiderations that have no merit."[2] Furthermore, the court's violation of its own procedures "does a disservice to the lawyers and litigants" and "opens the door to speculation that the court has acted in an arbitrary manner."[3]

¶ 8.   Nevertheless,. there are appropriate times to deviate from the internal operating procedures relating to motions for reconsideration, and the court has done so on a number of occasions. "The Reports [of our decisions] contain instances which demonstrate that the court has changed its mind and issued a new decision without any mention of the principles that are now embodied in our Internal Operating Procedures."[4] However, when the court does deviate from its established internal operating procedures, as it has reserved the power to do,[5] I believe an explanation is in order.

¶ 9.   Although it is arguable that this case falls within one of the grounds for reconsideration set forth in the internal operating procedures, I do not base my

[2] *School Dist. of Shorewood v. Wausau Ins. Co.*, 174 Wis. 2d 726, 729–730, 498 N.W.2d 823 (1993)(Heffernan, C.J., and Bablitch, J., dissenting).

[3] *School Dist. of Shorewood v. Wausau Ins. Co.*, 174 Wis. 2d at 731 (Abrahamson, J., dissenting).

[4] *School Dist. of Shorewood v. Wausau Ins. Co.*, 174 Wis. 2d at 729–730 (Heffernan, C.J., and Bablitch, J., dissenting).

[5] "These procedures are intended for the advice of counsel practicing in the Supreme Court and for information to the public; they are not rules of appellate procedure. . . .It should be reemphasized that these are not rules. . . .These internal operating procedures are merely descriptive of how the court currently functions. Any internal operating procedure may be suspended or modified by a majority vote of a quorum of the court." Intro. to Wis. S. Ct. IOP, Wis. Stat. 1997–98.

dissent from the denial of reconsideration on any such ground. Rather, I base my dissent on a recognized exception to the internal operating procedures on reconsideration: The court may reconsider a "case of unusual circumstances when such deviation [from the internal operating procedures] is compelling and fully explained and justified."[6]

¶ 10.  I conclude that this case should be reconsidered and reheard because it is a case of unusual circumstances, and the reasons to reconsider it are compelling. Let me explain.

¶ 11.  Section 814.025, relating to frivolous actions and defenses, has in recent years become a major tool in litigation practice. A search on Westlaw reveals that since 1990, the statute has been cited in 104 published cases of this court and the court of appeals. This trend in Wisconsin corresponds with a

---

[6] *School Dist. of Shorewood v. Wausau Ins. Co.*, 174 Wis. 2d at 727 (Heffernan, C.J., and Bablitch, J., dissenting).

The *School District of Shorewood* case presents an interesting study of the court's practices on reconsideration. The court initially issued a 4–3 decision in *Shorewood*, reported at 168 Wis. 2d 390, 484 N.W.2d 314 (1992). On a motion for reconsideration, without explaining the basis for its reconsideration or granting the parties an opportunity for further written or oral argument on the merits of the case, the court on a 6–1 vote vacated the previous majority opinion and adopted the dissenting opinion as the majority opinion. This new decision is reported at 170 Wis. 2d 347, 488 N.W.2d 82 (1992)(Abrahamson, J., dissenting on the granting of the motion for reconsideration on procedural and substantive grounds).

The losing party (previously the winning party) then moved for the court to reconsider its new decision. The court on a 4–3 vote denied the motion to reconsider. Three justices dissented on the court's denial of the motion for reconsideration, asserting procedural grounds.

dramatic national increase in the use of claims for sanctions against attorneys for bringing frivolous actions. One commentator notes that "[t]he increasing use of judicial sanctions against lawyers and their clients is perhaps the most significant recent development in federal and state civil procedure."[7]

¶ 12. Although some might conclude that the increasing use of sanctions litigation has had the positive effect of deterring frivolous proceedings, others point out that any such gains have come at a cost. As one commentator argues, "[n]o clear line divides the reasonable lawsuit from the unreasonable—and sanctionable—lawsuit. Sanctions schemes based upon an objective standard, therefore, tend to chill individuals from exercising their rights of fair access to the courts. The threat of sanctions under these schemes does more than discourage litigants from pursuing 'frivolous' arguments; it also discourages litigants from pursuing some legitimate and colorable arguments."[8]

¶ 13. This court has consistently recognized the possibility that the overuse of § 814.025 will deter important and meritorious claims. As we emphasized in the *Radlein* case,

---

[7] Byron C. Keeling, *Toward a Balanced Approach to Frivolous Litigation: A Critical Review of Federal Rule 11 and State Sanction Provisions*, 21 Pepp. L. Rev. 1067, 1071 (1994) (critiquing Rule 11 and state sanction provisions). *See also* Michael J. Mazurczak, *Critical Analysis of Rule 11 Sanctions in the Seventh Circuit*, 72 Marq. L. Rev. 91, 92 (1988) (noting that the satellite litigation over Rule 11 motions is fast becoming the cottage industry of the 1980s).

[8] Byron C. Keeling, *Toward a Balanced Approach to Frivolous Litigation: A Critical Review of Federal Rule 11 and State Sanction Provisions*, 21 Pepp. L. Rev. 1067, 1070 (1994) (footnotes omitted).

Frivolous action claims are an especially delicate area since it is here that ingenuity, foresightedness and competency of the bar must be encouraged and not stifled. Without that dedication of the bar, Wisconsin would still have the duties of landlords to others dependent on the relationship of those persons to the land; statutes of limitations would start from the day of the actual injury, not from the date the plaintiff knew of the injury or should have known; and an injured plaintiff would have to identify the exact drug manufacturer whose product injured her.

*Radlein v. Industrial Fire & Casualty Ins.*, 117 Wis. 2d 605, 613, 345 N.W.2d 874 (1984) (citations omitted).

¶ 14. Ten years later, in the *Stern* case, we further recognized that in allegations of frivolousness all doubts are to be resolved in favor of finding a claim non-frivolous. The court stated this principle as follows:

We also note that an attorney has an obligation to represent his or her client's interests zealously, and that this may include making some claims which are not entirely clear in the law or on the facts, at least when commenced. Thus, when a frivolous action claim is made, all doubts are resolved in favor of finding the claim non-frivolous.

*Stern v. Thompson & Coates*, 185 Wis. 2d 220, 235, 517 N.W.2d 658 (1994).[9]

¶ 15. The concerns we have expressed about deterring creative claims or defenses are especially

---

[9] *See also Juneau County v. Courthouse Employees*, 221 Wis. 2d 630, 640, 585 N.W.2d 587 (1998) ("Because it is only when no reasonable basis exists for a claim or defense that frivolousness exists, the statute resolves doubts in favor of the litigant or attorney.")

heightened in this case. The claim presented is complex and is seeking to prove a causal link between chemicals and birth defects that previously has not been established. Although the court's decision focuses on the novelty of this claim and the plaintiffs' lack of proof of causation, it is often in such "toxic tort" cases that making new arguments is essential. Every toxic tort has a first case, and all of them are initially considered "novel." The recent tobacco litigation is a case in point. The defendant's own expert in this case recognized that today there are 30 to 35 substances that are known to produce birth defects. A decade ago, the expert admitted, the number would have been fewer than 20. Often the science behind these advancements was developed or uncovered in response to litigation, some of which was unsuccessful.

¶ 16. The court concedes that this action was not frivolous on filing; it was filed to avoid a pending change in the law. But the plaintiffs' continuation of the action for 43 days after the complaint was filed was declared frivolous by this court. The court's decision creates a predicament for attorneys. A delay in filing might constitute malpractice. But filing in the hope that evidence will materialize might subject counsel to a charge of frivolousness.

¶ 17. The troubling "Catch–22" effects of § 814.025 were recognized in a law review article more than a decade ago.[10] That article noted that key facts about a claim are often in the possession of the opposing party and may not be discoverable until a claim is filed. The article's author summarizes well the predicament facing the plaintiffs' lawyers in this case: "The

---

[10] Jay W. Endress, *Is Wisconsin's Frivolous Claim Statute Frivolous? A Critical Analysis of Wis. Stat. § 814.025*, 68 Marq. L. Rev. 279 (1985).

alternative to proceeding in light of the missing data is to forego [sic] any further advancement and possibly risk a suit for legal malpractice. Thus many lawsuits will be frivolous. . .because of an honest lack of facts that is promoted by the judicial system itself."[11] In this case it was arguably reasonable for plaintiffs' counsel to seek information about the employees' levels of exposure to the chemicals at Jerome Foods before consulting an expert to determine causation.

¶ 18.   The court's holding that an expert is not needed prior to filing suit is consistent with federal law interpreting Rule 11 of the Federal Rules of Civil Procedure. Nevertheless, given the short time within which this action became frivolous according to this court's decision (43 days after filing of the complaint, to be exact), lawyers will be required to hire experts before filing or immediately after filing suit. As a result of this decision, lawyers cannot rely on discovery to obtain information to protect themselves against a claim of frivolousness.

¶ 19.   Different jurisdictions have interpreted "frivolous" in different ways. The Wisconsin cases have been criticized.[12] It is time for the court to reexamine its interpretation of § 814.025 to consider both the need to preserve free access to the courts and the need to curb litigation abuses.

¶ 20.   For the reasons set forth, I dissent to denying the motion for reconsideration.

¶ 21.   I am authorized to state that JUSTICE ANN WALSH BRADLEY joins this dissent.

_____

[11] *Id.* at 300.
[12] Jay W. Endress, *supra* note 10 at 301.