230 Wis.2d 246 (1999)
601 N.W.2d 650
Todd JANDRT, a minor, by his Guardian ad Litem, Larry B. Brueggeman, Kristine K. Kinsley Stoeklen, as Special Administrator of the Estate of Mitchell J.
Kinsley, deceased, Tierney Liazuk, a minor, by her Guardian ad Litem, Larry B. Brueggeman, Plaintiffs,
v.
JEROME FOODS, INC., Defendant-Respondent,
Monica JANDRT, Jodi Liazuk and Kristen K. Kinsley Stoeklen, Third-Party Defendants,
PREVIANT, GOLDBERG, UELMEN, GRATZ, MILLER & BRUEGGEMAN, S.C., Judgment Debtor-Appellant.
No. 98-0885.
Supreme Court of Wisconsin.
Filed October 28, 1999.
¶ 1. PER CURIAM. (on motion for reconsideration).
The motion for reconsideration is denied, with $50.00 costs.
¶ 2. DIANE S. SYKES, J., did not participate.
¶ 3. SHIRLEY S. ABRAHAMSON, CHIEF JUSTICE (on motion for reconsideration) (dissenting).
We believe that this is a case of significant importance to all attorneys practicing in the state,

*251 Frivolous action claims are an especially delicate area since it is here that ingenuity, foresightedness and competency of the bar must be encouraged and not stifled. Without that dedication of the bar, Wisconsin would still have the duties of landlords to others dependent on the relationship of those persons to the land; statutes of limitations would start from the day of the actual injury, not from the date the plaintiff knew of the injury or should have known; and an injured plaintiff would have to identify the exact drug manufacturer whose product injured her.
Radlein v. Industrial Fire & Casualty Ins., 117 Wis. 2d 605, 613, 345 N.W.2d 874 (1984) (citations omitted).
¶ 14. Ten years later, in the Stern case, we further recognized that in allegations of frivolousness all doubts are to be resolved in favor of finding a claim non-frivolous. The court stated this principle as follows:
We also note that an attorney has an obligation to represent his or her client's interests zealously, and that this may include making some claims which are not entirely clear in the law or on the facts, at least when commenced. Thus, when a frivolous action claim is made, all doubts are resolved in favor of finding the claim non-frivolous.
Stern v. Thompson & Coates, 185 Wis. 2d 220, 235, 517 N.W.2d 658 (1994).[9]
¶ 15. The concerns we have expressed about deterring creative claims or defenses are especially *252 heightened in this case. The claim presented is complex and is seeking to prove a causal link between chemicals and birth defects that previously has not been established. Although the court's decision focuses on the novelty of this claim and the plaintiffs' lack of proof of causation, it is often in such "toxic tort" cases that making new arguments is essential. Every toxic tort has a first case, and all of them are initially considered "novel." The recent tobacco litigation is a case in point. The defendant's own expert in this case recognized that today there are 30 to 35 substances that are known to produce birth defects. A decade ago, the expert admitted, the number would have been fewer than 20. Often the science behind these advancements was developed or uncovered in response to litigation, some of which was unsuccessful.
¶ 16. The court concedes that this action was not frivolous on filing; it was filed to avoid a pending change in the law. But the plaintiffs' continuation of the action for 43 days after the complaint was filed was declared frivolous by this court. The court's decision creates a predicament for attorneys. A delay in filing might constitute malpractice. But filing in the hope that evidence will materialize might subject counsel to a charge of frivolousness.
¶ 17. The troubling "Catch-22" effects of § 814.025 were recognized in a law review article more than a decade ago.[10] That article noted that key facts about a claim are often in the possession of the opposing party and may not be discoverable until a claim is filed. The article's author summarizes well the predicament facing the plaintiffs' lawyers in this case: "The *253 alternative to proceeding in light of the missing data is to forego [sic] any further advancement and possibly risk a suit for legal malpractice. Thus many lawsuits will be frivolous. . .because of an honest lack of facts that is promoted by the judicial system itself."[11] In this case it was arguably reasonable for plaintiffs' counsel to seek information about the employees' levels of exposure to the chemicals at Jerome Foods before consulting an expert to determine causation.
¶ 18. The court's holding that an expert is not needed prior to filing suit is consistent with federal law interpreting Rule 11 of the Federal Rules of Civil Procedure. Nevertheless, given the short time within which this action became frivolous according to this court's decision (43 days after filing of the complaint, to be exact), lawyers will be required to hire experts before filing or immediately after filing suit. As a result of this decision, lawyers cannot rely on discovery to obtain information to protect themselves against a claim of frivolousness.
¶ 19. Different jurisdictions have interpreted "frivolous" in different ways. The Wisconsin cases have been criticized.[12] It is time for the court to reexamine its interpretation of § 814.025 to consider both the need to preserve free access to the courts and the need to curb litigation abuses.
¶ 20. For the reasons set forth, I dissent to denying the motion for reconsideration.
¶ 21. I am authorized to state that JUSTICE ANN WALSH BRADLEY joins this dissent.
NOTES
[9] See also Juneau County v. Courthouse Employees, 221 Wis. 2d 630, 640, 585 N.W.2d 587 (1998) ("Because it is only when no reasonable basis exists for a claim or defense that frivolousness exists, the statute resolves doubts in favor of the litigant or attorney.")
[10] Jay W. Endress, Is Wisconsin's Frivolous Claim Statute Frivolous? A Critical Analysis of Wis. Stat. § 814.025, 68 Marq. L. Rev. 279 (1985).
[11] Id. at 300.
[12] Jay W. Endress, supra note 10 at 301.